UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT
RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2006 AUG -2 PM 4:  FILED

FILING DEPOSITORY AUG -2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FOOD FOR THE HUNGRY, INC.,    )
A California corporation    )
1224 East Washington Street    )
Phoenix, AZ 85034    )
)
    Plaintiff,    )
)
    v.    )
)
LINDA M. SPRINGER,    )
In her capacity as Director of    )
United States Office of    )
Personnel Management    )
1900E Street NW    )
Washington, DC 20415-1000    )
)
    Defendant.    )

CASE NUMBER  1:06CV01370

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 08/  /2006

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Food for the Hungry, Inc. ("Food for the Hungry"), by its attorneys Bryan Cave LLP, respectfully presents this action to declare unlawful and enjoin certain actions of defendant and others acting under her authority  (hereinafter, "defendant" shall be deemed to include persons acting under her authority) with regard to the interpretation of  regulations related to the Combined Federal Campaign ("CFC") as it applies to plaintiff. Specifically, as set forth in the averments below, defendant acted without authority and arbitrarily and capriciously to deny the application of plaintiff, Food for the Hungry, for inclusion as an eligible organization in the 2006 CFC. The actions by defendant violate 5 C.F.R. Part 950, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706, and the First Amendment.

## Jurisdiction and Venue

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (writ of mandamus), and 5 U.S.C. §§ 701-706 (APA).

2.      The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. § 2201 (declaratory relief) and 28 U.S.C. § 2202 (injunctive relief).

3.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

## Parties

4.      Food for the Hungry is a non-profit California corporation which maintains its principal place of business at the address listed in the caption. Food for the Hungry has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code sec. 501(c)(3).

5.      Within the US, Food for the Hungry is an advocate for the poor through its offices in both Phoenix, AZ, and Washington, DC, and collaborates with the United States Agency for International Development ("USAID").

6.      Through more than 2,000 staff members, Food for the Hungry also serves the poor in more than 45 developing countries.  Food for the Hungry provides parental counseling, medical checkups, education, school supplies, new skills development and education about AIDS; rehabilitates school buildings; promotes micro-enterprise, natural resource management, water and sanitation and community health; transfers farming technologies to improve irrigation, agricultural production, forestry and soil conservation; prevents malnutrition, illness, and poor

sanitation practices; performs health assessments, administers first-aid treatment and trains local health-care representatives; drills wells, constructs dams, water pans, and catchment systems; and educates people about property hygiene.

7.    For a period of over 20 years, Food for the Hungry has satisfied the rigorous requirements of the U.S. government in order to receive commodities from USAID. During its 2004 fiscal year, Food for the Hungry received commodities valued at more than $7,000,000.00 through USAID.

8.    On June 20, 2006, Benjamin Homan, President of Food for the Hungry, was appointed by President Bush to the Helping to Enhance the Livelihood of People (HELP) Around the Globe Commission. The purpose of this Federal Commission is to define new ways to make foreign assistance more effective for U.S. taxpayers and the recipients.

9.    Defendant is a director of the Office of Personnel Management ("OPM"), an agency of the executive branch of the government of the United States. Inter alia, OPM is charged with interpreting regulations (5 C.F.R. Part 950) governing the solicitation of federal civilian employees, postal employees, and uniformed service personnel for contributions (via voluntary payroll deductions and otherwise) to charitable organizations. This procedure is referred to as the "Combined Federal Campaign" ("CFC").

### Background

10.    Food for the Hungry qualified for and was included on the national CFC list of approved charities (the "National List") each year since 1996.

11.    During the past ten years, thousands of federal employees have selected Food for the Hungry to be the beneficiary of their CFC contributions.

12.    Since 1996, Food for the Hungry has received total CFC contributions in excess of $1.3 million, with annual amounts of up to $170,000. Last year, Food for the Hungry received more than $96,000.00 in contributions through the CFC.

13.    Food for the Hungry's participation in the CFC over the years has provided a significant and reliable revenue stream upon which Food for the Hungry depends in fulfilling its charitable mission.

14.    In reliance on OPM's prior approvals, and in view of its ten years of participation in the CFC, Food for the Hungry anticipated and budgeted for contributions from federal employees and military personnel through the 2006 CFC.

15.    Federal regulations establish, *inter alia*, criteria for charitable organizations which seek to be included in the National List. Organizations must apply (or reapply, as the case may be) each year for inclusion in the CFC on a form developed by OPM. To be included in the CFC, an applicant (in general) must establish that it is a human health and welfare organization which carries out its program activities in 15 or more different states or one foreign country over the three year period immediately preceding the beginning of the CFC campaign year.

16.    Christian Service Charities is a highly-regarded federated organization which represents tax-exempt Christian charitable organizations. Christian Service Charities organizes and prepares its member charities for effective participation in fundraising activities. It engages in fund drive application assistance, reviews and certifies charitable agency eligibility documentation, disseminates information about its member charities to the workplace-giving public, organizes member participation in fund drive promotional educational events, represents its members before fund drive organizing or regulatory authorities, and transmits contributions and contributors' names and addresses to recipient charities.

17.    Christian Service Charities is an OPM-approved national federation that was at all pertinent times eligible to apply for participation in the 2006 CFC on behalf of its member organizations. National federations such as Christian Service Charities submit annually to OPM lists of member organizations eligible to participate in the CFC; therefore, individual members of national federations are not required to submit applications to OPM to participate in a particular CFC unless requested to do so by OPM. Applications are submitted instead to the national federation.

18.    Food for the Hungry is a member in good standing of Christian Service Charities and has been a member since 2000. Food for the Hungry authorized Christian Service Charities to represent it before OPM in connection with the 2006 CFC.

19.    On or about January 31, 2006, Christian Service Charities submitted its list of eligible member organizations certified for participation in the 2006 CFC. Food for the Hungry was included among the eligible member organizations.

20.    After Christian Services Charities filed a consolidated application on behalf of all of its members, OPM selected Christian Services Charities for a full review of the individual applications of all of its members and requested from Christian Service Charities a copy of Food for the Hungry's application to participate in the 2006 CFC (the "2006 Application").

21.    Christian Service Charities submitted to Food for the Hungry's 2006 Application in which Food for the Hungry described in detail its activities and its financial condition, as set forth in its accompanying audited financial statements, annual report and IRS Form 990. (See Exhibit A.)

22.    On May 4, 2006, Defendant, acting through Mara T. Patermaster, Director, Office of CFC Operations, denied Food for the Hungry's 2006 Application stating:

> *Attachment C of the application is a consolidated audit for Food*
> *for the Hungry and Food for the Hungry Foundation. The audit*
> *does not contain a separate schedule for the applicant, as required*
> *by 5 C.F.R. § 950.203(a)(2), CFC Memorandum 2004-10*
> *(attached), and item 6 of the application instructions.*

The letter from Ms. Patermaster afforded Food for the Hungry an opportunity to file an appeal with Dan G. Blair, Deputy Director of OPM ("Mr. Blair"). (See Exhibit B.)

23.    By letter dated May 17, 2006, Christian Service Charities, on behalf of Food for the Hungry, timely appealed the initial denial of Food for the Hungry's 2006 Application (see Exhibit C). The appeal asserted that in compliance with the relevant regulations, Christian Service Charities had provided the complete application of Food for the Hungry as part of its application for the 2006 Combined Federal Campaign, including the complete financial statement for Food for the Hungry, Inc.

24.    On July 19, 2006, while the appeal was pending, counsel for Christian Service Charities requested a meeting with Mr. Blair to discuss the administrative appeal on behalf of Food for the Hungry.

25.    By letter dated July 21, 2006 (Exhibit D), Defendant, through OPM Deputy Director Blair, sustained the decision to deny Food for the Hungry's 2006 Application. Mr. Blair offered no further information regarding Food for the Hungry except to say "the CFC regulations also require that each applicant organization individually meet all of the eligibility criteria and provide independent documentation (5 C.F.R. § 950.401(j))." The letter is final for administrative purposes for the 2006 CFC.

26.    In the same letter, OPM stated that it had waived the independent separate audit requirements for another applicant charity because that charity's affiliated entities "represent a very small proportion of revenues and expenses and therefore we have determined that we will waive this requirement for this organization for this year only."

27.    On July 25, 2006, OPM denied the request for a meeting regarding the appeal filed on behalf of Food for the Hungry. (Exhibit E).

28.    Upon information and belief, on or about August 2, 2006, OPM will have completed the 2006 National List to be posted on the OPM web site.  Sometime shortly thereafter, OPM will distribute the National List to local combined federal campaigns, and the local combined federal campaigns will commence printing brochures for distribution to federal employees.

29.    Despite receiving Food for the Hungry's appeal on or about May 8, 2006, OPM did not respond until the letter of July 21, 2006, which was received on July 26, 2006, shortly before the National List was to be finalized. This gave Food for the Hungry only a short period to retain counsel and prepare pleadings, resulting in significant hardship to Food for the Hungry.

**Cause of Action**

(Judicial Review of Agency Action Pursuant to 5 U.S.C. §701, et seq.)

30.    The allegations of paragraphs 1 to 29 are incorporated as though fully set forth here.

31.    Food for the Hungry meets all of the eligibility requirements for CFC participation and should be included on the national 2006 CFC list.

32.    If Food for the Hungry is not included on the National List, it will suffer irreparable injury, including, but not limited to, (a) being deprived of contributions which it otherwise would have received; (b) being cut off from a generous group of donors that consistently provides significant support (and it is impossible to access this group of donors in the federal workplace in any other way); and (c) harm to its reputation as a trustworthy charitable organization because OPM's decision to omit it from the list of organizations approved for the 2006 CFC sends the message that Food for the Hungry no longer meets the standards or

possesses the qualifications necessary to participate in the CFC. This will undermine the ability of Food for the Hungry to attract new donors, maintain its contributor base and recruit volunteers.

33.    Defendant has acted without authority and in an arbitrary and capricious manner and in violation of Food for the Hungry's First Amendment rights, in interpreting the regulations and applying them to Food for the Hungry.

34.    In spite of the constitutional infirmity of 5 C.F.R § 950.202(a), Food for the Hungry complied with the requirements of this regulation.

35.    Defendant failed to detail the reasons for the denial of Food for the Hungry's 2006 Application and thereby effectively denied Food for the Hungry an adequate appeal process and its due process rights under 5 C.F.R. §950.

36.    Defendant's denial of Food for the Hungry's 2006 Application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 et seq., and violated Food for the Hungry's First Amendment rights.

37.    Defendant is applying its regulations in violation of Public Law 100-202, § 101 (m) (Codified at 5 U.S.C. § 1101 note) by requiring substantially more restrictive independent auditing requirements than were required by the 1984-1987 regulations.

38.    Food for the Hungry's financial statements, although consolidated, presented material information on the individual entities separately in such a manner that would have allowed Defendant to make a determination as to Food for the Hungry's individual financial information.

39.    Even if Food for the Hungry's application did not meet all requirements of 5 C.F.R. § 950.203(a), such non-compliance did not require that it be ruled ineligible for the CFC.

553639.5                                             8

OPM arbitrarily and capriciously applied the regulation mechanically, failed to exercise the discretion it had, and rejected Food for the Hungry's application without a reasoned basis.

40.    Moreover, by the same letter in which Defendant denied Food for the Hungry's participation in the 2006 CFC, Defendant waived the independent documentation requirements for another charity represented by Christian Service Charities that had submitted consolidated financial statements.  Defendant's stated reason for the waiver was that the charity's affiliated entities "represent a very small proportion of revenues and expenses."  The charity's financial statements, however, show that the assets of its affiliates represent over 40% of the combined assets of the organization.  Defendant arbitrarily and capriciously treated Food for the Hungry differently.

41.    The amount of contributions that Food for the Hungry will lose if not allowed to participate in the 2006 CFC cannot be calculated with particularity, although it is plainly a substantial sum.

42.    Even if the amount of lost contributions could be quantified with particularity, Food for the Hungry has no adequate remedy at law to the extent OPM is immune from damages arising from administrative decisions.

43.    OPM's decision to exclude Food for the Hungry from the CFC, after 10 years of uninterrupted participation, threatens to damage irrevocably Food for the Hungry's enviable reputation – a reputation that has allowed it to work closely with USAID and countless government agencies, in the US and abroad.  Removing Food for the Hungry from the CFC will send the mistaken message that Food for the Hungry no longer meets the standards of public accountability and trustworthiness demanded of charities participating in the CFC.  This impression will irreparably harm Food for the Hungry's reputation, and will undermine and

9

disrupt the ability of Food for the Hungry to solicit critical donations and support – not only from the federal employees and military personnel targeted by the CFC, but from other potential supporters, including corporations, foundations, and individuals.

### Request for Relief

44.     Wherefore, premises considered, plaintiff respectfully request the following relief:

A.     A temporary restraining order preventing defendant from excluding Food for the Hungry from the 2006 CFC National List pending a hearing on the merits by this court;

B.     A preliminary injunction, in the nature of mandamus, requiring defendant to include Food for the Hungry in the 2006 CFC National List;

C.     A permanent injunction, in the nature of mandamus, requiring defendant to include Food for the Hungry in the 2006 CFC National List;

D.     A declaratory judgment that defendant erred  in denying Food for the Hungry's 2006 Application for inclusion in the 2006 CFC National List and that defendant acted arbitrarily and capriciously in violation of the APA;

E.     Such other and further relief and remedies as may be proper and serve the interests of justice; and

      F.    An award in such monetary amount as may reimburse plaintiffs for the legal fees and costs incurred by plaintiffs as a result of defendant's actions and omissions, as set forth herein.

                                     Respectfully submitted,

                                     Stephen S. Kaye (DC Bar No. 292532)
                                     Bryan Cave LLP
                                     700 Thirteenth Street NW
                                     Washington, D.C. 20005-3960
                                     Phone: (202) 508-6000
                                     Fax: (202) 508-6200

                                     Counsel for Plaintiff Food for the Hungry

Dated: August 2, 2006

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 2, 2006.

By:  _____

Title:  *Vice President for Government Resources*

**EXHIBIT A**