UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FOOD FOR THE HUNGRY, INC. )
)
Plaintiff, )
)
v. ) Civil Action No. 06-1370 (JDB)
) ECF
)
LINDA M. SPRINGER, DIRECTOR OF )
THE UNITED STATES OFFICE OF )
PERSONNEL MANAGEMENT )
)
Defendant. )
_____)

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to this action, Food for the Hungry ("Plaintiff") and Linda M. Springer, Director of the United States Office of Personnel Management, ("OPM" or "Defendant") (collectively, the "Parties"), hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action against the OPM or any of its component offices. Plaintiff agrees to accept the terms set forth herein in full satisfaction and settlement of any and all claims, demands, rights and causes of action of any nature based upon, arising from, or related to Plaintiff's complaint against Defendant, including but not limited to any and all claims Plaintiff asserted or could have asserted in the above-styled

1

action, against the OPM or its component offices, based upon acts or events occurring up to the date this Stipulation is filed with the Court and releases all such claims, demands rights and causes of action.

2. The Defendant shall place Food For the Hungry, Inc. on the National/International list of charities for participation in the 2006 Combined Federal Campaign, in full and final settlement of the above-styled action.

3. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in the above-styled action, including (but not limited to) all claims of violations of the Administrative Procedures Act, and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for costs, attorney's fees, and interest or other compensation.

4. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the same claims or issues raised in the above-styled action of which it knew or could have known as of the date on which this Stipulation is signed.

5. Plaintiff agrees that in the event it applies for national/international eligibility in any Combined Federal Campaign ("CFC") subsequent to 2006, Plaintiff will submit a timely and complete application to OPM, either directly or indirectly (such as through a federation), for such national listing to include any and all information legally required by OPM for eligibility consideration.

6. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever.

7. Food for the Hungry acknowledges that it was not advised by Christian Service Charities to provide the information outlined in its August 4, 2006 letter to the CFC as part of its initial application, nor was Food for the Hungry advised to provide said information in response to CFC's May 4, 2006 letter to Christian Service Charities initially denying Food for the Hungry's participation in the 2006 campaign.

8. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, each party to bear its own costs and fees.

9. The Parties agree that a facsimile of the signatures of counsel will be the same as the original.

10. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the Parties.

11. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

12. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein;

and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____
Stephen S. Kaye, Esq.
Bryan Cave LLP
700 13th Street, N.W. Suite 700
Washington, DC 20005
(202) 508-1600

*Attorneys for Plaintiff*

_____
KENNETH L. WAINSTEIN D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS D.C. BAR #434122
Assistant United States Attorney

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 305-4851

*Attorneys for Defendant*

SO ORDERED, this 10th Day of August 2006.

_____
JOHN D. BATES
U.S. District Court Judge

4